IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT HERMAN,**

    **Plaintiff,**

vs.                                          **CASE NO.:**

**AAR AVIATION CORP. A/K/A AAR CORP., A FOREIGN PROFIT CORPORATION**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROBERT HERMAN ("Mr. Herman" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, AAR AVIATION CORP. a/k/a AAR CORP., a Foreign Profit Corporation ("Defendant") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against Defendant for its unlawful termination of Plaintiff based upon his age, and complaints about age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (under the Florida state law claim only) liquidated damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has federal question jurisdiction over Plaintiff's ADEA claims, and supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts.

## VENUE

3. Venue is proper because Defendant conducts substantial business in Duval County, Florida, and Plaintiff worked for Defendant in Duval County, Florida, where the actions at issue took place.

## PARTIES

4. Plaintiff was over the age of forty (40) during his employment with Defendant.

5. During all times relevant, Plaintiff lived in Duval County, Florida.

6. Plaintiff is protected by the ADEA/FCRA because:

   a. He was over the age of forty (40) and suffered discrimination and retaliation because of his age by Defendant; and

   b. He suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his age, and his complaints about discrimination regarding his age, and would not have been subjected to such behavior, "but for" his age or complaints of discrimination.

7. Defendant was at all material times an "employer" as envisioned by the ADEA and the FCRA.

## CONDITIONS PRECEDENT

8. Plaintiff timely dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

9. On January 29, 2020, the EEOC issued Plaintiff a Letter of Determination of Right to Sue, stating that: "The commission concludes that the evidence obtained in this investigation establishes reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged . . ."

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## **GENERAL ALLEGATIONS**

12. Plaintiff worked for Defendant from May 19, 2012 until his termination on January 16, 2019.

13. During his employment, Plaintiff was considered an exemplary employee who was loved by customers and co-workers alike.

14. Toward the conclusion of his employment, Plaintiff was subjected to discriminatory remarks based on his age by Defendant's employees.

15. Plaintiff timely reported same to management and advised that he believed these comments and conduct were illegal under the law.

16. In direct response to Plaintiff's objections, and within close temporal proximity to same, Defendant terminated Plaintiff's employment.

17. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

18. Defendant does not have a non-discriminatory/non-retaliatory rationale for terminating Plaintiff's employment.

19. Plaintiff was member of a protected class as envisioned by the ADEA/FCRA.

20. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his age and objections to same, and would not have been fired but for his age, and objections to said comments about his age.

21. Defendant did not have a good faith basis for its actions, and willfully discriminated and retaliated against Plaintiff based on his age, and his objections to age discrimination.

22. Plaintiff is entitled to liquidated damages.

23. Plaintiff has suffered damages as a result of Defendant's illegal actions.

### COUNT I:
### AGE DISCRIMINATION UNDER THE ADEA

24. Plaintiff realleges and adopts the allegations contained in paragraphs 1-23, as if fully set forth in this Count.

25. During his employment, Plaintiff was an exemplary employee.

26. Plaintiff was over forty (40) years old when he was fired.

27. Plaintiff was not fired for cause.

28. Plaintiff was discriminated against based on his age and subjected to a hostile work environment because of his age.

29. Plaintiff was fired only because of his age, and would not have been fired, but for his age.

30. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

31. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

32. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff.

33. Plaintiff had more seniority than the employee who took over his primary job duties.

34. Defendant's termination of Plaintiff in this regard was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights.

**REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

35. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

36. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

37. Grant Plaintiff a judgment against Defendant for damages, including liquidated damages;

38. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

39. Provide any additional relief that this Court deems just.

**COUNT II -
RETALIATION UNDER THE ADEA**

40. Plaintiff realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

41. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA.

42. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal age discrimination, and was willful.

43. The conduct of Defendant its agents and employees proximately, directly,

and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. Plaintiff is entitled to recover liquidated damages and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

45. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

46. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA.

47. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

48. Grant Plaintiff a judgment against Defendant for damages, including liquidated damages;

49. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA;

50. Provide any additional relief that this Court deems just.

### COUNT III:
### AGE DISCRIMINATION UNDER THE FCRA

51. Plaintiff realleges and adopts the allegations contained in paragraphs 1-23, as if fully set forth in this Count.

52. During his employment, Plaintiff was an exemplary employee.

53. Plaintiff was over forty (40) years old when he was fired.

54. Plaintiff was not fired for cause.

55. Plaintiff was discriminated against based on his age and subjected to a hostile work environment because of his age.

56. Plaintiff was fired only because of his age, and would not have been fired, but for his age.

57. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

58. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

59. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff.

60. Plaintiff had more seniority than the employee who took over his primary job duties.

61. Defendant's termination of Plaintiff in this regard was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights.

### **REQUEST FOR RELIEF- COUNT III**

WHEREFORE, Plaintiff prays that this Court will:

62. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

63. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

64. Grant Plaintiff a judgment against Defendant for damages, including

punitive damages;

65. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

66. Provide any additional relief that this Court deems just.

## COUNT IV - 
## RETALIATION UNDER THE FCRA

67. Plaintiff realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

68. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age discrimination under the FCRA.

69. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal age discrimination, and was willful.

70. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. Plaintiff is entitled to recover damages and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT IV**

WHEREFORE, Plaintiff prays that this Court will:

73. Issue a declaratory judgment that the retaliation against Plaintiff by

Defendant was a violation of Plaintiff's rights under the FCRA.

74. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

75. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

76. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA;

77. Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 30th day of March 2020.

Respectfully submitted,

**By: /s/ NOAH E. STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Counsel for Plaintiff*